### PEART *v.* PEART *et al.*

*(Supreme Court, General Term, Fifth Department.* October 19, 1888.)

1. DOWER—ACTION TO RECOVER—PLEADING.
   Under Code Civil Proc. N. Y. § 1597, providing that, in an action for dower, where the property is actually occupied, the occupant must be made defendant; and section 1599, providing that, in an action to recover dower in a distinct parcel of land, all

persons in possession may be made defendants, though they possess or claim title to different portions in severalty,—causes of action for dower in two distinct parcels of land, occupied by different persons, are separate, and should be separately stated and numbered.

2. SAME.

A complaint in an action for dower, which first sets forth the provisions of the will of deceased purporting to devise two parcels of land, and afterwards alleges that, upon the death of deceased, the several lots of land descended to his heirs at law, would be conflicting upon a showing that the lands referred to in both instances are the same, and should be explained by amendment.

Appeal from special term, Monroe county.

Action for dower by Miranda Peart against James Peart and others. Motion to make complaint more definite and certain denied, and defendants appeal.

Argued before BARKER, P. J., HAIGHT, BRADLEY, and DWIGHT, JJ.

*Waldo G. Morse*, for appellants.    *Charles Chamberlain, Jr.*, for respondent.

HAIGHT, J. The action is for dower. The complaint contains but one count, and alleges that the plaintiff is the widow of Richard Peart, deceased, and that he died seized of two distinct parcels of real estate, situate in the city of Rochester, describing it; that she is entitled to dower in such premises; and that the parcel first described is actually occupied by the defendants John H. Foley and George W. Duncan; and that the premises secondly described are actually occupied by the defendant Joseph B. Peart, together with his wife, the defendant Mary Peart, and her children, the infant defendants Richard Peart, James Peart, Minnie Peart, Elizabeth Peart, and Anna Peart. Section 1597 of the Code of Civil Procedure provides that, "where the property in which dower is claimed is actually occupied, the occupant thereof must be made defendant in the action." Section 1599 provides that, "in an action to recover dower in a distinct parcel of real property of which the plaintiff's husband died seized, * * * all the persons in possession of or claiming title to the property, or any part thereof, may be made defendants, although they possess or claim title to different portions thereof in severalty." It will be observed that the parcels of real estate described are occupied by different persons, and, under the former section of the Code quoted, they must be made defendants, and that under the last section quoted, where the action is to recover dower in a distinct parcel, all persons in possession, etc., may be made defendants, although they possess portions in severalty. In this case, however, there are two distinct parcels described, occupied by different persons, and we consequently conclude that the right of action for dower in each is separate, and that the causes of action should be separately stated and numbered.

The complaint, in its first clause, sets forth the provisions of the will of Richard Peart, in which he purports to devise two parcels of real estate. In the fourth clause of the complaint it is alleged that, upon the death of Richard Peart, the several lots of land and premises descended to the heirs at law of the deceased. If the real estate devised by the will is the same as that of which the complaint alleges he died seized, there are conflicting allegations, which should be explained and made more definite and certain by amendment. Again, the description of the premises contained in the third clause of the complaint, especially the second parcel, does not conform to the requirements of sections 1511 and 1606 of the Code, and should be amended. The order appealed from should be reversed, and motion granted as to the matters herein designated, with $10 costs and disbursements. So ordered.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.